**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

DARIUS NAVRAN, Ph.D.,

     Plaintiff,

v.

ARAPAHOE COMMUNITY COLLEGE,

     Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**NATURE OF THE ACTION**

This employment action against Arapahoe Community College ("ACC" or "Defendant") seeks to enforce rights and remedies guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"); and Colorado state law. This action seeks to provide relief to Plaintiff, Dr. Darius Navran ("Plaintiff" or "Dr. Navran"), who has been adversely affected by Defendant's discriminatory practices, retaliation, and creation of a hostile work environment based on his race, ethnicity, national origin, and age.

1

## PARTIES

1. Plaintiff is and was a resident of Highlands Ranch, Colorado, during the relevant time period of this Complaint.

2. Defendant Arapahoe Community College ("ACC") is a public community college operating in and employing workers throughout the state of Colorado, with its principal place of business at 5900 S Santa Fe Dr., Littleton, CO 80120. At all relevant times, ACC was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

## JURISDICTION AND VENUE

3. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and a substantial part of the events giving rise to these claims occurred in this District.

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2023-03796. On September 30, 2024, the EEOC issued Plaintiff a Notice of Right to Sue, authorizing this district court action.

7. This action is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

8. Based on the foregoing, Plaintiff has fulfilled all conditions precedent to the initiation of this lawsuit.

### FACTUAL ALLEGATIONS

**I. Background and Employment History**

9. Dr. Navran is a 70-year-old Middle Eastern male who has resided in the United States for 48 years and has 36 years of experience in higher education.

10. On September 18, 2018, Defendant hired Dr. Navran as Instruction Dean for Health and Public Services. In this role, Dr. Navran successfully led the development of bachelor's degrees in nursing, emergency service administration, and paramedicine, while managing the Law Enforcement Academy, Nursing, Health Information Management, and Ophthalmic Technician programs.

11. Throughout his tenure until May 2022, Dr. Navran consistently received commendable and exemplary performance ratings from his previous supervisors, including Dr. Rebecca Woulfe and Dr. Josie Mills. Under their supervision, he had never been reprimanded nor written up for any performance nor conduct issues.

**II. Pattern of Discriminatory Treatment**

12. Beginning in mid-2022, Dr. Navran began experiencing discriminatory treatment based on his race, ethnicity, national origin, and age under the supervision of Dr. Cheryl Calhoun, the newly appointed Provost and Vice President.

13. Presumably due to his status as a Middle Eastern male with an accent, Dr. Calhoun regularly mocked Dr. Navran's English language comprehension during meetings and communications, despite Dr. Navran's decades of experience in higher education administration in the United States.

14. Dr. Navran observed and experienced a pattern of discriminatory treatment where minority employees, including a Hispanic American male, and an Ethiopian male, were regularly targeted for adverse treatment.

15. Similarly-situated and younger white employees received more favorable treatment, including but not limited to meeting scheduling, communication, and performance evaluations.

**III. Hostile Work Environment and Retaliation**

16. On May 25, 2022, without notice or explanation, Dr. Navran's performance evaluation was changed by Dr. Calhoun from "Exemplary" to "Commendable," without any justification.

17. In June 2022, Dr. Calhoun further created a hostile work environment by regularly canceling meetings with Dr. Navran, including to discuss critical issues such as performance goals for 2022-23, denying time-off requests without justification, and subjecting him to public humiliation during staff meetings.

18. In August 2022, Dr. Calhoun was critical of Dr. Navran's request for time off to celebrate his wedding anniversary, despite similar requests being routinely granted to other employees. As a result, and fearful of retaliation, Dr. Navran worked remotely during his pre-planned vacation despite having also contracted

4

Covid-19. Despite advising Dr. Calhoun of this, the latter required Dr. Navran to input the time he worked as "vacation" leave.

19. After Dr. Navran raised concerns about discriminatory treatment to Human Resources, Defendant escalated its retaliatory actions.

20. On September 20, 2022, Dr. Navran was placed on a Performance Improvement Plan ("PIP"), despite his history of exemplary performance.

21. The PIP contained false, misleading, and inaccurate information, to which Dr. Navran provided detailed responses on September 29 and October 8, 2022, addressing each concern and highlighting his achievements, including positive feedback from 48 out of 50 respondents in a 360-degree survey.

22. Although Dr. Navran did not believe the PIP was justified, he nevertheless worked diligently to comply with its requirements, including attempting to meet with Dr. Calhoun and a Human Resources representative regularly. Dr. Calhoun often failed to meet with Dr. Navran. At no time was he provided any feedback regarding his PIP progress, let alone that he was in danger of failing the PIP.

23. On November 2, 2022, during a meeting regarding the above-described survey, Dr. Calhoun continued the pattern of hostile treatment and discrimination. Despite being told not to share the names of the survey takers by the State Representative, to preserve confidentiality and anonymity, Dr. Calhoun insisted that Dr. Navran provide her with these names. Dr. Navran stated that due to the instructions from the State Representative, he could not divulge this information. In an attempt to nonetheless obtain this information, Dr. Calhoun began to list names of individuals to get Dr. Navran to confirm whether they participated in the

5

survey. After Dr. Navran again refused, she stated threateningly that the survey would impact Dr. Navran's "exit from the PIP."

24. On January 11, 2023, during what was represented as a routine PIP check-in meeting, Defendant abruptly terminated Dr. Navran's employment, culminating its discriminatory and retaliatory conduct.

## IV. Impact and Damages

23. As a direct result of Defendant's discriminatory and retaliatory actions, Dr. Navran has suffered significant damages, including:

a. Loss of current and future income;

b. Loss of healthcare benefits;

c. Physical and emotional distress requiring medical treatment;

d. Development of anxiety and insomnia requiring ongoing medical care;

e. Damage to his professional reputation; and

f. Diminished career prospects

24. Defendant's actions have severely impacted Dr. Navran's ability to secure comparable employment in higher education administration, effectively derailing his career after 36 years of distinguished service in the field.

### FIRST CLAIM FOR RELIEF

**(Race, Ethnicity & National Origin Discrimination
in Violation of Title VII, 42 U.S.C. § 2000e *et seq.*)**

26. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

27. Plaintiff is an "employee" as that term is defined in 42 U.S.C. § 2000e(f).

6

28. Defendant is an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

29. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., prohibits discrimination based on race and national origin.

30. Based on the above-described acts, practices, and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's race, ethnicity, and national origin (Middle Eastern).

31. Defendant discriminated against Plaintiff by subjecting him to disparate treatment and a hostile work environment, including but not limited to:

    a. Mocking his English language comprehension;

    b. Treating him less favorably than similarly-situated white employees;

    c. Subjecting him to heightened scrutiny and criticism;

    d. Unjustifiably altering his performance evaluation;

    e. Imposing an unwarranted Performance Improvement Plan; and

    f. Ultimately terminating his employment.

32. Similarly-situated employees outside Plaintiff's protected classifications were treated more favorably than Plaintiff.

33. The reasons Defendant submits for its conduct are false and pretext for discrimination.

34. Defendant acted intentionally, with malice and/or with conscious and reckless indifference to Plaintiff's rights.

35. As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer compensatory pecuniary and non-pecuniary damages, including but not limited to back pay, front pay, emotional pain and suffering, inconvenience, loss

of enjoyment of life, embarrassment, professional disparagement, and other non-pecuniary losses. Plaintiff is also entitled to and may seek his attorney's fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF

### (Age Discrimination in Violation of ADEA, 29 U.S.C. § 621 *et seq.*)

36. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

37. At all relevant times, Plaintiff was over 40 years of age and thus a member of the class protected by the ADEA.

38. Defendant's conduct as described above constituted discrimination against Plaintiff because of his age (70 years old) in violation of the ADEA.

39. Defendant discriminated against Plaintiff by subjecting him to disparate treatment, including but not limited to:

    a. Treating him less favorably than younger employees;

    b. Subjecting him to heightened scrutiny and criticism;

    c. Imposing an unwarranted Performance Improvement Plan; and

    d. Ultimately terminating his employment.

40. The reasons Defendant submits for its conduct are false and pretext for age discrimination.

41. Defendant's discriminatory conduct was willful, entitling Plaintiff to liquidated damages under the ADEA.

8

42. As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, and other compensation, as well as emotional distress, anxiety, and damage to his professional reputation.

### THIRD CLAIM FOR RELIEF

### (Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, et seq.)

43. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

44. Plaintiff engaged in protected activity under Title VII by opposing Defendant's discriminatory practices and making complaints to Human Resources regarding discriminatory treatment.

45. Defendant retaliated against Plaintiff for engaging in protected activity by:

   a. Implementing an unjustified Performance Improvement Plan;

   b. Increasing scrutiny of his work performance;

   c. Creating a hostile work environment;

   d. Denying routine requests for time off;

   e. Canceling meetings without justification; and

   f. Ultimately terminating his employment.

46. A causal connection exists between Plaintiff's protected activities and Defendant's adverse employment actions.

47. Defendant acted intentionally, with malice and/or reckless indifference to Plaintiff's rights.

9

48. As a direct result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, emotional distress, and damage to his professional reputation.

## FOURTH CLAIM FOR RELIEF

### (Discrimination in Violation of Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-402, *et seq.*)

55. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

56. Defendant subjected Plaintiff to less favorable terms and conditions of employment based on his race and ethnicity (Middle Eastern) and age (over 40), in violation of the Colorado Anti-Discrimination Act ("CADA").

57. Defendant treated similarly situated comparators outside of Plaintiff's protected classification more favorably than Plaintiff. Among other things, Plaintiff was harassed, belittled, and criticized unjustifiably for his conduct; falsely accused of improper conduct and performance; mocked because of his accent; and subjected to heightened and/or disproportionate criticism, including via a Performance Improvement Plan. He was ultimately terminated without justification even though he satisfactorily performed and executed upon his job responsibilities.

58. Defendant acted intentionally, with malice and/or reckless indifference to Plaintiff's rights.

59. As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer compensatory pecuniary and non-pecuniary damages, including but not limited to back pay, front pay, emotional pain and suffering, inconvenience, loss

of enjoyment of life, embarrassment, professional disparagement, other non-pecuniary losses, and other equitable and non-equitable losses.  Plaintiff is also entitled to and may seek his attorney's fees and costs as permitted by law.

**FIFTH CLAIM FOR RELIEF**

**(Retaliation in Violation of the CADA, Colo. Rev. Stat. § 24-34-301, *et seq.*)**

60.  Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

61.  Plaintiff participated in statutorily protected activity by opposing unlawful practices under the CADA, including discrimination and harassment based on Plaintiff's age, race and ethnicity.

62.  As referenced above, Defendant unlawfully retaliated against Plaintiff by subjecting him to less favorable terms and conditions of employment and subjecting him to further harassment because he engaged in the above-described statutorily protected activities. Defendant's retaliatory conduct included but was not limited to harassing, belittling and criticizing Plaintiff unjustifiably; falsely accusing Plaintiff of misconduct and poor performance; imposing an unjustified Performance Improvement Plan; and ultimately, terminating him without justification.

63.  Defendant acted intentionally, with malice and/or reckless indifference to Plaintiff's rights.

64.  As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer compensatory pecuniary and non-pecuniary damages, including but not limited to back pay, front pay, emotional pain and suffering, inconvenience, loss

11

of enjoyment of life, embarrassment, professional disparagement, other non-pecuniary losses, and other equitable and non-equitable losses.  Plaintiff is also entitled to and may seek his attorney's fees and costs as permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Darius Navran, respectfully requests that this Court enter judgment in his favor against Defendant and order the following relief as allowed by law:

A. Back pay, including but not limited to lost wages, bonuses, and benefits from the date of termination until the date of judgment;

B. Front pay and benefits in lieu of reinstatement;

C. Compensatory damages for emotional distress, anxiety, insomnia, mental anguish, loss of enjoyment of life, and damage to professional reputation;

D. Liquidated damages for willful violations;

E. Punitive damages for intentional discrimination and retaliation;

F. Pre-judgment and post-judgment interest at the highest rates allowed by law;

G. Reasonable attorneys' fees and costs of this action as permitted by law;

H. Declaratory relief stating that Defendant's practices violated Plaintiff's rights;

I. Injunctive relief requiring Defendant to implement effective policies and procedures to prevent discrimination and retaliation; and

J. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: December 29, 2024                Respectfully submitted,

                                        PRIMERA LAW GROUP, LLC

                                        /s/ *Deborah E. Yim*
                                        Deborah E. Yim, Esq.
                                        1241 S. Parker Road, Suite 201
                                        Denver, CO 80231
                                        (720) 239-2567
                                        dyim@primeralaw.com

                                        Attorney for Plaintiff Darius Navran

13